
**FILED**

SEP - 9 2015

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

Prob 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

| | |
|---|---|
| DOCKET NUMBER (Tran. Court) | 05-00265-01-CR-W-DW |
| DOCKET NUMBER (Rec. Court) | P15CR 388 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| PABLO HERNANDEZ-LARA | Western District of Missouri | Western |

NAME OF SENTENCING JUDGE: Dean Whipple

| DATES OF PROBATION /SUPERVISED RELEASE: | From 03/27/2015 | To 03/26/2020 |
|---|---|---|

**OFFENSE**

Conspiracy to Distribute Methamphetamine
21 U.S.C. 841(a)(1), (b)(1)(A), and 846 (Class A felony)

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for WESTERN DISTRICT OF TEXAS upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

8-5-15
Date

_/s/ Dean Whipple_
Dean Whipple
Senior U.S. District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

IT IS HEREBY ORDERED that jurisdiction over the above-named probation/supervised releasee be accepted and assumed by this Court from and after the entry of the order.

8-12-15
Effective Date

_/s/_

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| PABLO HERNANDEZ-LARA, | ) | 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and § 846 |
| [DOB: XX/XX/XX] | ) | NLT 10 Years and NMT Life Imprisonment |
| | ) | NMT $4,000,000 Fine |
| SALVADOR VIELMA-LUYANDO, | ) | NLT 5 Years Supervised Release |
| [DOB: XX/XX/XX] | ) | Class A Felony |
| | ) | |
| and | ) | $100 Mandatory Special Assessment |
| | ) | |
| NOEL INSUNZA-PELAYO, | | |
| ) | | |
| [DOB: XX/XX/XX] | ) | |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

THE GRAND JURY CHARGES:

That from on or about July 7, 2006, until on or about July 10, 2006, said dates being approximate, in the Western District of Missouri, and elsewhere, PABLO HERNANDEZ-LARA, SALVADOR VIELMA-LUYANDO, and NOEL INSUNZA-PELAYO, defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other and with others both known and unknown to the Grand Jury, to distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a

Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A); all in violation of Title 21, United States Code, Section 846.

A TRUE BILL:

<u>/s/ Foreperson</u>
FOREPERSON OF THE GRAND JURY

<u>/s/ David A. Barnes</u>
David A. Barnes # 40031
Assistant United States Attorney

DATED: <u>   8/8/06   </u>
Kansas City, Missouri

2

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

**UNITED STATES OF AMERICA**

-vs-

**PABLO HERNANDEZ-LARA**

Case No.: 06-0265-01-CR-W-DW

USM Number: 19157-045

Larry Pace, AFPD
818 GRAND, STE. 300
KANSAS CITY, MO.  64106

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 on January 3, 2007 of the Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 841(a)(1), (b)(1)(A), and 846 | Conspiracy to Distribute Methamphetamine | July 10, 2006 | One (1) |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: August 8, 2007

/s/ DEAN WHIPPLE
DEAN WHIPPLE
SENIOR UNITED STATES DISTRICT JUDGE

August 20, 2007

PABLO HERNANDEZ-LARA　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2 of 6
06-0265-01-CR-W-DW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **120 Months**.   The defendant shall be given credit for time served.

The Court recommends to the Bureau of Prisons:

> The Court recommends that the defendant be placed at Leavenworth, Kansas, if space is available or as close to the Kansas City, Missouri area as possible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

AO 245B (Rev. 12/03) Judgment in a Criminal Case

PABLO HERNANDEZ-LARA Page 3 of 6
06-0265-01-CR-W-DW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

AO 245B (Rev. 12/03) Judgment in a Criminal Case

PABLO HERNANDEZ-LARA                                                                                      Page 4 of 6
06-0265-01-CR-W-DW

13.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1.      The defendant shall successfully participate in a substance abuse counseling program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office, and pay any associated costs as directed by the Probation Office.

2.      The defendant shall not consume or possess alcoholic beverages or beer, including 3.2 percent beer, at any time.

3.      The defendant shall submit his person, residence, office or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

4.      If not deported, the defendant shall report to the Probation Office within 72 hours of release. If deported, the defendant shall not be required to report to the Probation Office. Further the defendant shall not reenter the United States illegally or without proper documentation. If granted permission to legally reenter the United States, the defendant shall report to the Probation Office within 72 hours of entry and shall continue to report as directed for the remainder of any unexpired term of supervision.

### ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____          _____
Defendant                                Date

_____          _____
United States Probation Officer          Date

PABLO HERNANDEZ-LARA
06-0265-01-CR-W-DW

Page 5 of 6

# CRIMINAL MONETARY PENALTIES

    The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 due immediately | $ | $ |

    The defendant shall pay interest on any fine or restitution of more the $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. Section 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. Section 3612(g).

Note: Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    Lump sum payment of **$100.00** due immediately, balance due in accordance with E below.

    E.    Payment during the term of supervised release will commence within 30 days after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.